# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| JOHN FELIX GREER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 2:08-cv-02525-JPM-tmp |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

**ORDER DENYING MOTION TO SET ASIDE JUDGMENT (ECF NO. 12);
DENYING MOTION TO SUPPLEMENT (ECF NO. 16); AND
TRANSFERRING MOTIONS (ECF NOS. 12 & 16) TO THE UNITED STATES COURT
OF APPEALS FOR THE SIXTH CIRCUIT**

Before the Court are Plaintiff John Felix Greer's: (1) Motion To Set Aside Judgment (ECF No. 12 ("Motion 1")) and (2) Motion To Supplement The Motion To Set Aside Judgment (ECF No. 16 ("Motion 2")). For the reasons set forth below, Motion 1 and Motion 2 are **DENIED**.

## I.     BACKGROUND

Greer, Bureau of Prisons inmate registration number 15966-076, an inmate presently confined at the Federal Correctional Institution in Yazoo City, Mississippi, filed a *pro se* motion pursuant to 28 U.S.C. § 2255 on August 4, 2008. (ECF No. 1 (the "§ 2255 Motion").) In the § 2255 Motion, Greer: (1) challenged the standing, jurisdiction, and authority of the United States to prosecute and the Court to convict Greer under 18 U.S.C. § 3231; and (2) alleged that § 3231 is void as "an unconstitutional Act of Congress." (*Id*. at PageID 4; *see also* ECF No. 2 at PageID 35.) On January 5, 2009, the Court: (1) denied the § 2255 Motion because Greer's three claims "are entirely lacking in substantive merit for several reasons … There can be no question that the

Court had subject-matter jurisdiction over the criminal case[,] … [and] a challenge to the sufficiency of the evidence is not cognizable in this [habeas] proceeding"; (2) denied a certificate of appealability; and (3) certified that an appeal would not be taken in good faith. (ECF No. 2 ("January 5 Order") at PageID 35-36.) The Court entered judgment on January 5, 2009. (ECF No. 3 ("Judgment").)

On September 25, 2009, Greer filed a Motion To Vacate And Set Aside Collateral Order, Judgment, Or Decree. (ECF No. 4.) On September 30, 2009, the Court denied that motion. (ECF No. 5.)

On October 13, 2009, Greer filed a Motion To Amend And Correct his pleadings. (ECF No. 6.) On October 16, 2009, the Court denied that motion. (ECF No. 7.)

On May 19, 2017, the United States Court of Appeals for the Sixth Circuit denied Greer's request for authorization to file a second or successive § 2255 motion. (ECF No. 8.)

## II. ANALYSIS OF MOTION 1 AND MOTION 2

In Motion 1 and Motion 2, Greer seeks to "set aside [the] [J]udgment pursuant to Federal Rule of Civil Procedure 60(b)(4) or, in the alternative, a writ pursuant to 28 U.S.C. [§] 1651." (ECF No. 12 at PageID 167; ECF No. 16 at PageID 200.) He challenges the January 5 Order and wants to amend unspecified § 2255 habeas claims. (ECF No. 16 at PageID 200; ECF No. 12 at PageID 169.) The relief Greer seeks is not available under either Rule 60(b)(4) or § 1651.

### A. Greer's Request For Relief From Judgment Pursuant To Fed. R. Civ. P. 60(b)(4)

#### 1. Motion 1 And Motion 2 Are Untimely Under Rule 60(b)(4)

In support of the relief he seeks, Greer contends that Fed. R. Civ. P. 60(b)(4) "authorizes relief from judgment[s] where a judgment is void for lack of jurisdiction." (ECF No. 12 at PageID

2

169.)  Although Greer's quotation of Rule 60(b)(4)'s provisions may be correct (*id.*)[1], he overlooks the timeliness requirement for the availability of relief under Rule 60(b)(4).

Federal Rule of Civil Procedure Rule 60(b) allows a party to seek relief from a final judgment, order, or proceeding, under a limited set of circumstances.  Rule 60(b) provides, in pertinent part:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(1)-(6).  A Rule 60(b) motion may not be used to relitigate issues already decided by the Court.  *See, e.g., Barnes v. Clifton*, 57 F. App'x 240, 241 (6th Cir. 2003). "Rule 60(b) does not allow a defeated litigant a second chance to convince the court to rule in his or her favor by presenting new explanations, legal theories, or proof." *Jinks v. Allied Signal, Inc.*, 250 F.3d 381, 384 (6th Cir. 2001).  "A movant that seeks relief under Rule 60(b) must show 'extraordinary circumstances justifying the reopening of a final judgment.'" *Carter v. Anderson*, 585 F.3d 1007, 1011 (6th Cir. 2009) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005)).

---

[1] *See, e.g.*, *Burrell v. Henderson*, 434 F.3d 826, 831 (6th Cir. 2006) ("Rule 60(b)(4) authorizes relief from judgment where a judgment is void for lack of jurisdiction").

"A motion under Rule 60(b) must be made within a reasonable time -- and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). The Sixth Circuit has specifically held that motions under Rule 60(b)(4) and (6) are only cognizable if brought within a reasonable time. *See*, *e.g.*, *Lewis v. Miniard*, No. 21-1833, 2022 WL 17685021, at *2 (6th Cir. Oct. 7, 2022); *Lewis v. Winn*, No. 20-1094, 2020 WL 4346670, at *2 (6th Cir. June 2, 2020); *Bridgeport Music, Inc. v. Smith*, 714 F.3d 932, 942 (6th Cir. 2013); *United States v. Dailide,* 316 F.3d 611, 617 (6th Cir. 2003) ("On occasion, we have held a period of five years since judgment as too long. We have also once held a period of three years too long") (citing cases).

Indeed, the Sixth Circuit has held that a motion filed pursuant to Rule 60(b)(4) is untimely where a significant amount of time has passed between the filing of the motion and the date the judgment was entered. *See*, *e.g.*, *Lewis*, 2022 WL 17685021, at *2; *Lewis*, 2020 WL 4346670, at *2; *Blachy v. Butcher,* 129 F. App'x 173, 179 (6th Cir. 2005) (a motion under Rule 60(b)(4) was untimely when the movant filed it more than three years after judgment); *Days Inns Worldwide, Inc. v. Patel,* 445 F.3d 899, 906 (6th Cir. 2006) (a Rule 60(b)(4) motion was untimely when it was filed over eleven months after judgment); *Manohar v. Massillon Cmty. Hosp.,* 208 F.3d 214, 2000 WL 302776, at *1 (6th Cir. 2000); (a motion under Rule 60(b)(4) was untimely when it was filed almost five years after judgment); *Richard v. Allen,* 78 F.3d 585, 1996 WL 102419 (6th Cir. 1996) (a motion under Rule 60(b)(4) was untimely when it was filed four years after judgment).

Here, Greer filed Motion 1 more than nine years after the January 5, 2009 Order (ECF No. 2) and Judgment (ECF No. 3), and he filed Motion 2 more than thirteen years after the January 5 Order and Judgment. Greer does not offer any reason for these multi-year delays. (*See* ECF Nos. 12 & 16.) As the above cases indicate, Greer's lengthy delay in seeking Rule 60(b)(4) relief

renders Motion 1 and Motion 2 not cognizable. *See LeBlanc v. Michigan*, No. 06-13588, 2013 WL 3867833, at *1-2 (E.D. Mich. July 25, 2013). That is, "by waiting [nearly] a decade to file his motion[s] – without any explanation for the delay – [Greer] did not seek relief under Rule 60(b)(4) within a reasonable time." *See Lewis*, 2022 WL 17685021, at *2. Therefore, to the extent Greer seeks relief pursuant to Rule 60(b)(4)[2], Motion 1 and Motion 2 are untimely and are **DENIED** on that basis.

### 2. The Substantive Allegations In Motion 1 And Motion 2 Lack Merit

Even if Motion 1 and Motion 2 were not so egregiously tardy, Greer would not be entitled to the relief he seeks because the substantive allegations of Motion 1 and Motion 2 are frivolous.

"A judgment is void under 60(b)(4) only 'if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law.'" *Doe v. Lexington–Fayette Urban Cnty. Gov't,* 407 F.3d 755, 761 (6th Cir. 2005) (quoting *Antoine v. Atlas Turner, Inc.,* 66 F.3d 105, 108 (6th Cir. 1995)). Greer claims that the trial court and this habeas tribunal lacked jurisdiction in his underlying criminal case and this habeas proceeding. (ECF No. 12 at PageID 168-69; *see also* ECF No. 2 at PageID 35-37.) His contention is not well taken. The federal courts have uniformly rejected claims by federal prisoners challenging the subject-matter jurisdiction of the federal courts. Federal jurisdiction over criminal cases is conferred by 18 U.S.C. § 3231, which provides that "[t]he district courts of the United

---

[2] Greer expressly seeks relief under Fed. R. Civ. P. 60(b)(4). (*See* ECF Nos. 12 & 16.) For that reason, and because Motion 1 and Motion 2 are so egregiously untimely, the Court need not consider Motion 1 and Motion 2 as applications pursuant to Fed. R. Civ. P. 60(b)(6), which allows for relief from a final judgment for "any other reason that justifies relief." In any event, however, Motion 1 and Motion 2 are untimely under Rule 60(b)(6), under which a motion for relief from final judgment "must be made within a reasonable time." *Lewis*, 2020 WL 4346670, at *2. The Court has concluded in the instant Order that Greer's nine year delay in filing Motion 1, and his thirteen year delay in filing Motion 2, are not a "reasonable time." *See* Fed. R. Civ. P. 60(c)(1).

States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." Applying this provision, the Sixth Circuit has flatly rejected similar challenges to the jurisdiction of the federal courts over violations of federal criminal statutes. *See, e.g.*, *United States v. Bryson*, 14 F. App'x 316, 317–318 (6th Cir. 2001) ("Here, contrary to Bryson's argument, the district court properly exercised jurisdiction over his offenses. The district court indisputably had subject matter jurisdiction over his indictment for violations of 21 U.S.C. § 841 and 18 U.S.C. § 924(c). Federal courts have exclusive jurisdiction over offenses against the laws of the United States under 18 U.S.C. § 3231"); *see also* ECF No. 2 at PageID 35-37 (citing cases).

Greer also claims that the January 9 Order denying his § 2255 Motion is inconsistent with due process and, therefore, void. (ECF No. 12 at PageID 168-69, 174-76.) "To prevail under 28 U.S.C. § 2255, a defendant must show a 'fundamental defect' in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Gall v. United States*, 21 F.3d 107, 109 (6th Cir. 1994) (citation omitted). Greer did not make that requisite showing in his § 2255 Motion. (ECF No. 2 at PageID 35-38 & 40 (addressing the issues raised in Greer's § 2255 Motion and determining they were patently meritless).) The Judgment was entered on January 5, 2009. (ECF No. 3.) Greer did not avail himself of his right to appeal. Rule 60(b)(4) provides no basis upon which to grant Greer's requested relief. In essence, Greer is attempting in Motion 1 and Motion 2 to obtain the relief he failed to pursue in the Sixth Circuit. However, a party may not use a Rule 60(b) motion as a substitute for a proper appeal. *See In re G.A.D., Inc.*, 340 F.3d 331, 337 (6th Cir. 2003); *Days Inns,* 445 F.3d at 906.

For these reasons, even if Motion 1 and Motion 2 were timely (which they are not), Greer fails to demonstrate entitlement to relief under Rule 60(b)(4).

### B. Greer's Challenge To The January 5 Order And His Request To Amend His Habeas Claims Are A Second Or Successive § 2255 Habeas Motion

In Motion 1 and Motion 2, Greer: (1) takes issue with the Court's merits determination in the January 5 Order (*see* ECF No. 12 at PageID 167-69, 171-72, 174-78 & 180-81); and (2) seeks "to supplement" his § 2255 Motion to correct an unspecified "defective … [habeas] claim." (ECF No. 16 at PageID 200.) Greer "assert[s] that a previous ruling [of this habeas tribunal] … was in error" (ECF No. 12 at PageID 169) and seeks to amend an unidentified habeas claim from the § 2255 Motion that has already been adjudicated (*see* ECF No. 16 at PageID 200). In short, Greer seeks in Motion 1 and Motion 2 to attack his sentence. Therefore, the Court must consider whether Motion 1 and Motion 2 are properly before this Court as a second or successive § 2255 habeas motion.

Under the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), a district court may not consider a "second or successive motion" collaterally attacking a defendant's federal sentence until the appellate court certifies that the motion satisfies the requirements of § 2255(h). 28 U.S.C. § 2255(h); *see also* § 2244(b)(3)(A). If a defendant fails to obtain authorization before filing such a motion in the district court, the district court must transfer the motion to the appellate court under § 1631. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). The AEDPA allows a second or successive § 2255 motion to proceed only if it asserts one of two conditions: (1) "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense"; or (2) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h). In Motion 1 and Motion 2, Greer does not present newly discovered evidence or a new constitutional ruling that applies retroactively to his conviction.

7

(*See* ECF No. 12; ECF No. 16.)  Therefore, Motion 1 and Motion 2 are not properly before the Court and are **DENIED**.  In the interest of justice, the Clerk of Court is **DIRECTED** to **IMMEDIATELY TRANSFER** Motion 1 (ECF No. 12) and Motion 2 (ECF No. 16) to the Sixth Circuit for determination of whether to authorize the Motions' consideration as a second or successive habeas petition.  28 U.S.C. § 1631; *In re Sims*, 111 F.3d at 47.

### C. Given That Greer Is Incarcerated, He is Precluded From Seeking *Coram Nobis* Relief Under 28 U.S.C. § 1651

Greer seeks "to set aside the [J]udgment ... [as] void [and] … in error … [because] … the Court's refusal to consider … the question of 'standing to sue' …, *i.e.*, refusal to make a 'merits determination', resulted in a miscarriage of justice."  (ECF No. 12 at PageID 167-68; ECF No. 16 at PageID 200.)  Greer claims that, as a result, "there was a defect in the integrity of the federal habeas proceeding[]."  (ECF No. 16 at PageID 200.)  He contends that "both the trial and 2255 Motion court … deliberate[ly] and knowing[ly] disregard[ed] Article III's standing requirement."  (*Id*. at PageID 177.)  The relief Greer seeks under § 1651 is unavailable.

The All Writs Act, 28 U.S.C. § 1651(a), provides that federal courts "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."  *See Shoop v. Twyford*, 142 S. Ct. 2037, 2041 (2022).  The All Writs Act "does not provide federal courts with an independent source of jurisdiction to issue writs, but only with the authority to issue writs 'in aid of their respective jurisdictions.'"  *Baze v. Parker*, 632 F.3d 338, 345 (6th Cir. 2011); *see also Clinton v. Goldsmith*, 526 U.S. 529, 534 (1999) ("While the All Writs Act authorizes employment of extraordinary writs, it confines the authority to the issuance of process 'in aid of' the issuing court's jurisdiction").  "The Supreme Court has interpreted [the Act] to give federal courts the power 'to issue such commands . . . as may be necessary or appropriate to effectuate and prevent the frustration of orders it has previously issued

8

in its exercise of jurisdiction otherwise obtained.'" *Hodges v. Bell*, 170 F. App'x 389, 393 (6th Cir. 2006) (quoting *United States v. New York Tel. Co.*, 434 U.S. 159, 172 (1977)). "The All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute ... Although that Act empowers federal courts to fashion extraordinary remedies when the need arises, it does not authorize them to issue ad hoc writs whenever compliance with statutory procedures appears inconvenient or less appropriate." *Pennsylvania Bureau of Corr. v. U.S. Marshals Serv.*, 474 U.S. 34, 43 (1985); *see Shoop*, 142 S. Ct. at 2045.

Regarding criminal proceedings, the Supreme Court has affirmed the authority of courts to issue writs of error *coram nobis* in criminal proceedings based on § 1651. *See United States v. Morgan*, 346 U.S. 502, 506–10 (1954). At common law, the writ of error *coram nobis* was used as a device for correcting fundamental errors in both civil and criminal cases. *United States v. Johnson*, 237 F.3d 751, 753 (6th Cir. 2001). The Sixth Circuit has explained the heavy burden for pursuing *coram nobis* relief:

> In sum, in order to merit the extraordinary remedy of *coram nobi*s, a petitioner must demonstrate an error of the most fundamental character that, if corrected, probably would have altered the outcome of the trial; the lack of alternative remedy; the existence of an ongoing civil disability; and sound reasons for failure to seek appropriate earlier relief. The ultimate question is whether extraordinary circumstances compel issuance of the writ to achieve justice.

*United States v. Castano*, 906 F.3d 458, 464 (6th Cir. 2018); *see also United States v. Henton*, No. 19-1872, 2020 WL 4558842, at *1 (6th Cir. Mar. 10, 2020) ("*Coram nobis* is an extraordinary writ, used to review the errors of the most fundamental character, *e.g.*, errors rendering the proceedings themselves invalid"); *United States v. Denedo*, 556 U.S. 904, 911 (2009) (the writ is available only in "extraordinary cases presenting circumstances compelling its use to achieve justice" and may not issue "when alternative remedies, such as habeas corpus, are available"). To be entitled to a writ of error *coram nobis*, a petitioner must demonstrate: (1) an error of fact; (2)

9

unknown at the time of trial; (3) that is of a fundamentally unjust character which probably would have altered the outcome of the challenged proceeding if it had been known. *Henton*, 2020 WL 4558842, at *1 (citing *Pilla v. United States*, 668 F.3d 368, 372 (6th Cir. 2012)).

However, "[a] prisoner in custody is barred from seeking a writ of error *coram nobis*." *Johnson*, 237 F.3d at 755; *see also United States v. Sferrazza*, 645 F. App'x 399, 404-05 (6th Cir. 2016) (a person who is still "in custody" is not eligible for *coram nobis* relief) (citing *United Johnson*, 237 F.3d at 755 (collecting cases)). The writ of error *coram nobis* is an "extraordinary remedy" that "provides a way to collaterally attack a criminal conviction for a person who is no longer 'in custody' and therefore cannot seek habeas relief under 28 U.S.C. § 2255 or § 2241." *Castano*, 906 F.3d at 462 (quoting *Chaidez v. United States*, 568 U.S. 342, 345 n.1 (2013)).

Given that Greer remains incarcerated under the conviction he challenges[3], he may not apply for *coram nobis* relief. *See United States v. Johnson*, 30 F. App'x 596, 2002 WL 409776, at *1 (6th Cir. 2002); *United States v. Ford*, 16 F. App'x 314, 317 (6th Cir. 2001). For that reason, Greer's application for *coram nobis* relief pursuant to § 1651 in Motion 1 and Motion 2 is **DENIED**.

### III. Conclusion

For the reasons explained above, Greer fails to demonstrate any factors entitling him to relief from the Court's Judgment. Motion 1 (ECF No. 12) and Motion 2 (ECF No. 16) are **DENIED**.

In the interest of justice, the Clerk of Court is **DIRECTED** to **IMMEDIATELY TRANSFER** Motion 1 (ECF No. 12) and Motion 2 (ECF No. 16) to the Sixth Circuit for

---

[3] *See* https://www.bop.gov/inmateloc/ (Federal Bureau of Prisons inmate locator website) (last accessed Mar. 22, 2024); ECF No. 1 at PageID 1 (Greer's judgment of conviction was entered on July 11, 2006 for a 324-month sentence.)

determination of whether to authorize the Motions' consideration as a second or successive habeas petition.  *See* 28 U.S.C. § 1631; *In re Sims*, 111 F.3d at 47

    **SO ORDERED**, this 5th day of April, 2024.

                                             /s/ Jon P. McCalla
                                           JON P. McCALLA
                                           UNITED STATES DISTRICT JUDGE